**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **ACHATES REFERENCE PUBLISHING, INC.** | |
| *Plaintiff* | Civil Action No. 2:07CV-245 LED |
| **v.** | |
| **MICROSOFT CORPORATION,** | |
| *Defendant.* | |

**DEFENDANT MICROSOFT CORPORATION'S ANSWER, AFFIRMATIVE
DEFENSES AND COUNTERCLAIMS**

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant Microsoft

Corporation ("Microsoft"), by and through its undersigned counsel, hereby responds to the

Complaint of Achates Reference Publishing, Inc. ("Achates"), on personal knowledge as to its

own activities and on information and believe as to the activities of others, as follows.

Microsoft denies each and every allegation contained in the Complaint that is not

expressly admitted below. Any factual allegation admitted below is admitted only as to the

specific admitted facts, not as to any purported conclusions, characterizations, implications, or

speculations that may arguably follow from the admitted facts.  Microsoft denies that Plaintiff is

entitled to the relief requested or any other.

**PARTIES**

1.      Microsoft is without information or knowledge sufficient to form a belief as to the

truth or falsity of the allegations of paragraph 1 and therefore denies the same.

2.      Microsoft admits that it is a Washington corporation with its principal place of business at One Microsoft Way, Redmond, Washington 98052.  Microsoft admits that it is registered to do business in the State of Texas and that it does business in this judicial district and elsewhere.  Microsoft admits that its State of Texas Filing Number is 10404606, and that it has appointed Corporation Service Company d/b/a CSC, 701 Brazos Street, Suite 1050, Austin, Texas 78701, as its agent for service of process.

## JURISDICTION AND VENUE

3.      Microsoft admits that this Complaint purports to state a claim of alleged patent infringement and that this Court has subject matter jurisdiction over patent claims.

4.      Microsoft admits that this Court has personal jurisdiction over Microsoft, and that Microsoft regularly conducts business in the State of Texas.

5.      Microsoft admits that venue is proper in this district.

## PATENT INFRINGEMENT

6.      Microsoft admits that U.S. Patent 5,982,889 ("the `889 patent") is entitled "Method and Apparatus for Distributing Information Products" and was issued by the United States Patent and Trademark Office on November 9, 1999.  Microsoft admits that Jason Paul DeMont is listed on the face of the '889 patent as the sole inventor.  Microsoft denies that the `889 patent was duly and legally issued by the United States Patent and Trademark Office.

7.      Microsoft admits that U.S. Patent 6,173,403 ("the `403 patent") is entitled "Method and Apparatus for Distributing Information Products" and was issued by the United States Patent Office on January 9, 2001.  Microsoft admits that the '403 patent purports to be a continuation-in-part of the `889 patent.  Microsoft admits that Jason Paul DeMont is listed on the

face of the '403 patent as the sole inventor Microsoft denies that the `403 patent was duly and legally issued by the United States Patent and Trademark Office.

8.    Microsoft is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 8, and therefore denies them..

9.    Microsoft denies the allegations of paragraph 9.

10.    Microsoft denies the allegations of paragraph 10.

11.    Microsoft denies the allegations of paragraph 11.

12.    Microsoft denies the allegations of paragraph 12.

13.    Microsoft denies that Achates is entitled to any of the relief requested.

## AFFIRMATIVE DEFENSES

Defendant Microsoft, as its Affirmative Defenses to the Complaint of Achates, states as follows and specifically reserves the right to allege any additional affirmative defenses as they become known through the course of discovery:

### First Affirmative Defense (Non-Infringement)

14.    Microsoft, and the use of Microsoft's products, do not infringe and have never infringed any claims of the `889 or '403 patents.

### Second Affirmative Defense (Invalidity)

15.    The claims of the `889 and '403 patents are invalid because they fail to satisfy the conditions for patentability specified in Title 35 of the United States Code, including, inter alia, §§ 101, 102, 103, and 112.

### Third Affirmative Defense (Laches)

16.    Plaintiff's remedies are limited by the doctrine of laches.

### Fourth Affirmative Defense (Federal Government Use)

17.    Plaintiff's remedies are limited under 28 U.S.C. § 1498(a).

## COUNTERCLAIMS

Defendant Microsoft Corporation ("Microsoft") asserts the following counterclaims against Plaintiff Achates Reference Publishing, Inc. ("Achates"):

### Parties

18.    Counterclaim Plaintiff Microsoft is a Washington corporation with its principal place of business located at One Microsoft Way, Redmond, WA 98052.

19.    On information and belief, Counterclaim Defendant Achates is a New Jersey corporation having an address at 244 English Place, Basking Ridge, New Jersey 07920.

### Jurisdiction

20.    These counterclaims arise under the patent laws of the United States as enacted under Title 35 of the United States Code, and the provisions of the Federal Declaratory Judgment Act. The jurisdiction of this Court is proper under 35 U.S.C. § 271 et seq. and 28 U.S.C. §§ 1331, 1338 and 2201-02.

### Venue

21.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

### Count I: Declaratory Relief Regarding Non-Infringement of the `889 Patent

22.    The allegations of paragraphs 18-21 above are incorporated herein by reference.

23.    Microsoft, and the use of Microsoft's products, do not infringe and have not infringed any claims of the `889 patent, either literally or under the doctrine of equivalents.

24.    In its Complaint, Achates alleges that Microsoft has infringed, and continues to infringe "one or more" claims of the `889 patent.  Because Microsoft denies that it has infringed, or continues to infringe, any claim of the `889 patent, either literally or under the

doctrine of equivalents, an actual and justiciable controversy has arisen and now exists between Microsoft and Achates as to whether Microsoft infringes any of the claims of the `889 patent.

25.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Microsoft requests the declaration of the Court that Microsoft does not infringe any claim of the `889 patent.

### Count II: Declaratory Relief Regarding Non-Infringement of the `403 Patent

26.     The allegations of paragraphs 18-25 above are incorporated herein by reference.

27.     Microsoft, and the use of Microsoft's products, do not infringe and have not infringed any claims of the `403 patent, either literally or under the doctrine of equivalents.

28.     In its Complaint, Achates alleges that Microsoft has infringed, and continues to infringe "one or more" claims of the `403 patent.  Because Microsoft denies that it has infringed, or continues to infringe, any claim of the `403 patent, either literally or under the doctrine of equivalents, an actual and justiciable controversy has arisen and now exists between Microsoft and Achates as to whether Microsoft infringes any of the claims of the `403 patent.

29.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Microsoft requests the declaration of the Court that Microsoft does not infringe any claim of the `403 patent.

### Count III: Declaratory Relief Regarding Invalidity of the `889 Patent

30.     The allegations of paragraphs 18-29 above are incorporated herein by reference.

31.     The claims of the `889 patent are invalid because they fail to satisfy the conditions of patentability specified in Title 35 of the United States Code, including, inter alia, §§ 101, 102, 103, and 112.

32.    In its Complaint, Achates alleges that the `889 patent was "duly and legally issued."  Given this and Achates' filing of this lawsuit, and because Microsoft contends that the claims of the `889 patent are invalid, an actual and justiciable controversy has arisen and now exists between Microsoft and Achates as to the validity of the `889 patent.

33.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Microsoft requests the declaration of the Court that the claims of the `889 patent are invalid.

## Count IV: Declaratory Relief Regarding Invalidity of the `403 Patent

34.    The allegations of paragraphs 18-33 above are incorporated herein by reference.

35.    The claims of the `403 patent are invalid because they fail to satisfy the conditions of patentability specified in Title 35 of the United States Code, including, inter alia, §§ 101, 102, 103, and 112.

36.    In its Complaint, Achates alleges that the `403 patent was "duly and legally issued."  Given this and Achates' filing of this lawsuit, and because Microsoft contends that the claims of the `403 patent are invalid, an actual and justiciable controversy has arisen and now exists between Microsoft and Achates as to the validity of the `403 patent.

37.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Microsoft requests the declaration of the Court that the claims of the `403 patent are invalid.

## Prayer for Relief

Microsoft respectfully requests a judgment against Achates as follows:

A.    A declaration that Microsoft, and the use of Microsoft's products, do not infringe and have not infringed United States Patent No. 5,982,889;

B.    A declaration that Microsoft, and the use of Microsoft's products, do not infringe and have not infringed United States Patent No. 6,173,403;

C.      A declaration that the claims of United States Patent No. 5,982,889 are invalid;

D.      A declaration that the claims of United States Patent No. 6,173,403 are invalid;

E.      That Achates take nothing by its Complaint;

F.      That the Court enter judgment against Achates and in favor of Microsoft and that Achates' complaint be dismissed with prejudice;

G.      That the Court enter judgment that this case is an exceptional case under 35 U.S.C. § 285, and enter judgment awarding Microsoft its costs and reasonable attorneys' fees; and

H.      That the Court grant Microsoft whatever further relief the Court deems just proper.

Dated:  August 6, 2007                    Respectfully submitted,


                                          By:  /s/ Eric H. Findlay
                                               Eric H. Findlay (State Bar No. 00789886)
                                               **RAMEY & FLOCK, P. C.**
                                               100 E. Ferguson, Suite 500
                                               Tyler, Texas 75702
                                               (903) 597-3301 (Telephone)
                                               (903) 597-2413  (Facsimile)
                                               E-mail:  efindlay@rameyflock.com

                                               Ruffin B. Cordell
                                               E-mail:  cordell@fr.com
                                               **FISH & RICHARDSON P.C.**
                                               1425 K Street, N.W.
                                               Suite 1100
                                               Washington, D.C. 20005
                                               (202) 783-5070 (Telephone)
                                               (202) 783-2331 (Facsimile)

                                               OF COUNSEL:

                                               Kurt L. Glitzenstein
                                               E-mail:  glitzenstein@fr.com
                                               Lawrence K. Kolodney
                                               E-mail:  kolodney@fr.com
                                               **FISH & RICHARDSON P.C.**
                                               225 Franklin Street
                                               Boston, MA 02110-2804
                                               (617) 542-5070 (Telephone)
                                               (617) 542-8906 (Facsimile)

                                               Isabella Fu
                                               **Microsoft Corporation**
                                               One Microsoft Way
                                               Redmond, WA 98052-6399
                                               (425) 882-8080 (Telephone)
                                               (425) 936-7329 (Facsimile)

                                               Counsel for Defendant
                                               MICROSOFT CORPORATION

## <u>CERTIFICATE OF SERVICE</u>

      The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served, via CM/ECF electronic mail, upon all counsel of record, as identified below, on August 6, 2007:

S. Calvin Capshaw                          Attorneys for Plaintiff
Elizabeth L. DeRieux                    Achates Reference Publishing, Inc.
Andrew M. Spangler
**Brown McCarroll, L.L.P.**
1127 Judson Road Suite 220
Longview, TX 75601
P.O. Box 3999
Longview, TX 75606

Robert M. Parker                            Attorneys for Plaintiff
Robert Christopher Bunt                Achates Reference Publishing, Inc.
Charles Ainsworth
**Parker, Bunt & Ainsworth**
100 E. Ferguson, Suite 1114
Tyler, TX 75702

Vincent E. McGeary                      Attorney for Plaintiff
**Gibbons P.C.**                             Achates Reference Publishing, Inc.
One Gateway Center
Newark, New Jersey 07102-5310

Michael Cukor                              Attorney for Plaintiff
**Gibbons P.C.**                             Achates Reference Publishing, Inc.
One Pennsylvania Plaza, 37th Floor
New York, New York 10119-3701

                                    /s/ Eric H. Findlay
                                    Eric H. Findlay