IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ACHATES REFERENCE PUBLISHING INC., <br><br> Plaintiff, <br><br> v. <br><br> MICROSOFT CORPORATION, <br> Defendant. | Civil Action No. 2:07-cv-245 (LED-CE) |

**DEFENDANT MICROSOFT CORPORATION'S
SECOND MOTION TO EXTEND ITS DOCUMENT PRODUCTION DEADLINE**

Defendant Microsoft Corporation ("Microsoft") respectfully moves the Court for a sixty-day extension, to August 13, 2008, of the June 15, 2008 deadline for completion of document production in this case. Microsoft's production to-date has been substantial. Microsoft has produced its source code and technical documents relating to several different versions of its products pursuant to P.R. 3-4. It has also produced its documentation of the prior art that it contends invalidates the patents in suit. It has also produced nearly two million pages of additional relevant material.[1] Achates has not identified any deficiencies in Microsoft's document production to date. However, despite its diligent and good-faith efforts, Microsoft continues to collect, review, and process additional documents, and will be unable to complete its document production by the current June 15, 2008 deadline. This case is still in the very early stage, as discovery does not close for well over a year, in August of 2009.

The scope and breadth of this case is considerable. Plaintiff Achates Reference Publishing Inc. ("Achates") has accused over one hundred Microsoft products, many of which

---

[1] In April, Microsoft produced nearly 700,000 pages of documents to Achates that had already been produced in *z4 v. Microsoft*, another case in this district where Microsoft's product activation technology had been accused of patent infringement.

are no longer sold or maintained by Microsoft, of infringement.  In an effort to reduce the volume of documents to produce (to avoid an accusation of "dumping" documents on Achates as well as to speed up the production), Microsoft suggested that Microsoft and Achates together agree to narrow the scope of documents that Microsoft needs to produce, either by agreeing on a narrow  set of search terms, or by agreeing to forgo production of email for at least certain custodians whose documents would be largely duplicative of others' or not as relevant as others'.  Achates declined.  Without such an agreement, Microsoft has no choice but to collect and review millions of pages of material (much of it employee email of marginal relevance) to complete its production.[2]  Based on the volume of material already collected, Microsoft believes that an additional sixty days would provide it with adequate time to complete its document production in an orderly fashion.  Microsoft remains hopeful that the parties can work together to narrow the scope and volume of this discovery, but requires the instant extension to continue this process.

In an effort to resolve this issue by stipulation, Microsoft attempted to discuss this issue with Achates in early May, prior to the original document production deadline of May 15, 2008.  Achates at that time declined to agree to Microsoft's requested ninety-day extension.  However, Achates did assent to an interim thirty-day extension, which Microsoft requested by motion filed on May 15.  (Docket No. 54.)

During this thirty-day extension, Microsoft produced nearly one million additional pages.  As the June 15 deadline approached, Microsoft reiterated to Achates that it would be unable to complete its collection and review by the extended deadline, and again requested that Achates stipulate to an extension to August 13.  During a meet-and-confer on June 13, Achates demanded as a quid pro quo for its agreement to assent to the extension that Microsoft identify the details of

---

[2] Despite Microsoft's initial belief that it could complete its production with only an additional forty-five days, the breadth of Achates' accusations and its refusal to limit the scope of discovery rendered that timeline impossible.  Indeed, shortly after the scheduling conference, Achates demanded that Microsoft produce "all evidence" related to an extensive laundry list of topics that were supposedly relevant to the case.

its document collection procedures, including an identification of the custodians searched, as well as the details of its document keyword searching strategies.

Microsoft agreed to the first precondition, identification of the custodians being searched and the stage of review and production for each. However, Microsoft declined to accede to Achates' further demand that Microsoft disclose its keyword searching strategies, since this request is unreasonable in two respects: (1) it seeks waiver of Microsoft's work product, and (2) it bears no relation to the relief that Microsoft seeks. On the first point, courts have repeatedly found such keywords protected as attorney work product. *Sprint Communications Company LP v. Vonage Holdings Corp., et al*, Case No. 2:05-cv-02433-JWL Docket No. 154 at 2 (D. Kan. Apr. 3, 2007), available at http://bulk.resource.org/courts.gov/pacer/kansas/ksdce/2:2005cv02433/53950/154/0.pdf (denying motion to compel production of search terms because terms were protected work product); *Lockheed Martin Corp. v. L-3 Communications Corp.*, 2007 WL 2209250, at *9-*10 (M.D. Fla. July 29, 2007) (holding that "documents containing instructions about how to conduct the search and what specifically to search for are opinion work product" protected from discovery absent a showing of "extraordinary need"); *see also U.S. v. Segal*, 2004 WL 830428, at *8 (N.D. Ill. Apr. 16, 2004) (protecting legal research search terms as work product, noting that "search terms … provide a window into the attorney's thinking, so these communications would be protected if they were created in anticipation of litigation."). Achates has not identified any contrary authority. Nor has Achates articulated why or how Microsoft's extension request relates to its counsel's document searching strategies.

Microsoft further submits that Achates will suffer no prejudice if the relief is granted. This case is still in the early stages of discovery, which does not close until August 2009. Moreover, there are no deadlines in the remainder of this calendar year as to which Microsoft's additional production would even arguably be relevant. (See Docket No. 41, Docket Control Order.)

Accordingly, Microsoft respectfully requests that the Court amend its Discovery Order by extending, until August 13, 2008, the deadline for completion of document production in this case.

Dated:  June 16, 2008                                    Respectfully submitted,

                               By:  /s/ Eric H. Findlay
                                  Eric H. Findlay
                                  Email: efindlay@rameyflock.com
                                  Ramey & Flock PC
                                  100 E. Ferguson, Suite 500
                                  Tyler, TX 75702-0629
                                  Telephone: (903) 510-5213
                                  FAX: (903) 597-2413

                                  Ruffin Cordell
                                  Email: cordell@fr.com
                                  Fish & Richardson P.C.
                                  1425 K Street, N.W.
                                  Washington, D.C. 20005
                                  Telephone: (202) 783-5070
                                  FAX: (202) 783-2331

                                  Kurt L. Glitzenstein (*Pro Hac Vice*)
                                  Email: glitzenstein@fr.com
                                  Lawrence K. Kolodney (*Pro Hac Vice*)
                                  Email: kolodney@fr.com
                                  Adam J. Kessel (*Pro Hac Vice*)
                                  Email: kessel@fr.com
                                  Fish & Richardson P.C.
                                  225 Franklin Street
                                  Boston, MA 02110-2804
                                  Telephone: (617) 542-5070
                                  FAX: (617) 542-8906

                                  Counsel for Defendant
                                  MICROSOFT CORPORATION

**CERTIFICATE OF CONFERENCE**

Counsel for Achates and Microsoft had a meet-and-confer regarding this Motion by telephone on Friday, June 13, 2008. Lead counsel for both parties attended the conference, as well as Elizabeth DeRieux, local counsel for Achates and Eric Findlay, local counsel for Microsoft. As set forth above, counsel for Microsoft explained the need for an additional sixty days to complete its document production. Counsel for Achates stated that it would only consider granting the requested time extension if Microsoft's counsel would disclose the precise search strategy and search terms that Microsoft's counsel devised to identify relevant documents from various Microsoft custodians' computers. Microsoft believes that this information is protected as attorney work product and therefore is not willing to provide it to Achates at this time, particularly in light of the fact that Achates has not identified any deficiencies in Microsoft's document production to date. Accordingly, Microsoft believes the parties are at an impasse and that the Court's involvement in this motion is required.

/s/ Eric H. Findlay
Eric H. Findlay

**CERTIFICATE OF SERVICE**

I hereby certify that on June 16, 2008, Microsoft's Second Motion to Extend Deadline to Produce Documents was served via electronic notification to all counsel of record via the Court's CM/ECF system.

/s/ Eric H. Findlay
Eric H. Findlay